1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GUADALUPE RUIZ,                    No.  1:21-cv-00759-ADA-SKO (HC)

12              Petitioner,             ORDER ADOPTING FINDINGS AND
                                        RECOMMENDATIONS
13                                      (Doc. No. 21)

14        v.                            ORDER DENYING PETITION FOR WRIT
                                        OF HABEAS CORPUS
15
                                        ORDER DIRECTING CLERK OF COURT TO
16                                      ENTER JUDGMENT AND CLOSE CASE

17   T. CISNEROS, Warden,               ORDER DECLINING TO ISSUE
                                        CERTIFICATE OF APPEALABILITY
18              Respondent.

19

20        Petitioner Guadalupe Ruiz is a state prisoner proceeding *pro se* and *in forma pauperis*

21   with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter was referred

22   to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

23        On January 26, 2022, the assigned magistrate judge issued findings and recommendations

24   to deny the petition on its merits.  (Doc. No. 21.)  Those findings and recommendations were

25   served upon all parties and contained notice that any objections thereto were to be filed within

26   thirty (30) days after service.  On March 28, 2022, petitioner filed objections to the findings and

27   recommendations.  (Doc. No. 24.)

28        In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a

1

1    *de novo* review of the case.  Having carefully reviewed the entire file, including petitioner's

2    objections, the court concludes that the magistrate judge's findings and recommendations are

3    supported by the record and proper analysis.  Petitioner's objections present no grounds for

4    questioning the magistrate judge's analysis.

5            In addition, the court declines to issue a certificate of appealability.  A state prisoner

6    seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of

7    his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537

8    U.S. 322, 335-336 (2003).  The controlling statute in determining whether to issue a certificate of

9    appealability is 28 U.S.C. § 2253, which provides as follows:

10           (a)     In a habeas corpus proceeding or a proceeding under section 2255 before a
             district judge, the final order shall be subject to review, on appeal, by the court of
11           appeals for the circuit in which the proceeding is held.

12           (b)     There shall be no right of appeal from a final order in a proceeding to test
             the validity of a warrant to remove to another district or place for commitment or
13           trial a person charged with a criminal offense against the United States, or to test
             the validity of such person's detention pending removal proceedings.
14
             (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an
15           appeal may not be taken to the court of appeals from—

16                   (A) the final order in a habeas corpus proceeding in which the
                     detention complained of arises out of process issued by a State
17                   court; or

18                   (B) the final order in a proceeding under section 2255.

19                   (2) A certificate of appealability may issue under paragraph (1) only if the
                     applicant has made a substantial showing of the denial of a constitutional
20                   right.

21                   (3) The certificate of appealability under paragraph (1) shall indicate which
                     specific issue or issues satisfy the showing required by paragraph (2).
22

23           If a court denies a petitioner's petition, the court may only issue a certificate of

24   appealability when a petitioner makes a substantial showing of the denial of a constitutional right.

25   28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that

26   "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have

27   been resolved in a different manner or that the issues presented were 'adequate to deserve

28   encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting

1    *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

2        In the present case, the court finds that petitioner has not made the required substantial

3 showing of the denial of a constitutional right to justify the issuance of a certificate of

4 appealability. Reasonable jurists would not find the court's determination that petitioner is not

5 entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to

6 proceed further. Thus, the court declines to issue a certificate of appealability.

7        Accordingly,

8        1.      The findings and recommendations issued on January 26, 2022, (Doc. No. 21), are

9             adopted in full;

10       2.      The petition for writ of habeas corpus is denied with prejudice;

11       3.      The clerk of court is directed to enter judgment and close the case; and

12       4.      The court declines to issue a certificate of appealability.

13       This order terminates the action in its entirety.

14

15

16 IT IS SO ORDERED.

17     Dated:   _September 12, 2022_                              

18                                 UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28